The sole issue on appeal is the lack of an attorney's fee as a percentage of the compensation awarded to plaintiff. The Full Commission has reviewed the prior Opinion and Award and the issue before it based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson. Following a review of the record, the Full Commission modifies the prior Opinion and Award to approve the awarding of attorney's fees for counsel for plaintiff, and files the following Opinion and Award.
**********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and following, and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1, as
STIPULATIONS
1. At the time of decedent's, Keith Reynold's injury by accident, which resulted in his death, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of decedent's injury on 3 April 1996, an employment relationship existed between plaintiff-employee and defendant-employer.
3. Farm Bureau Insurance Company is the carrier on risk.
4. On 3 April 1996, decedent sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer, which resulted in his death on that date.
5. Decedent's average weekly wage at the time of the compensable injury was $423.36, yielding a compensation rate of $282.25.
6. The marriage license of decedent and Eva Marie Law, and the subsequent Divorce Judgment are admitted into evidence as Stipulated Exhibit #2.
7. The birth certificate of Keith Reynolds, II, is admitted into evidence as Stipulated Exhibit #3.
8. The birth certificate of Ashley Marie Reynolds is admitted into evidence as Stipulated #4.
9. The birth certificate of Rachel Ann Reynolds is admitted into evidence as Stipulated Exhibit #5.
10. Decedent's death certificate, medicals and funeral records are admitted as Stipulated Exhibit #6.
11. An Industrial Commission Form 22 is admitted as Stipulated Exhibit #7.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 3 April 1996, decedent was a 29 year old male employed by defendant-employer as a truck driver.
2. On 3 April 1996, decedent sustained a compensable injury by accident when he sustained multiple traumas as the result of a vehicular accident.
3. This vehicular accident resulted in decedent's death on 3 April 1996.
4. The deceased was previously married to Eva Marie Law on 15 September 1984. They were divorced on 15 December 1995.
5. Decedent is survived by his three minor children born of his previous marriage to Eva Marie Law; Keith Reynolds, II, born 27 January 1986, Ashley Marie Reynolds, born 7 July 1989, and Rachel Ann Reynolds, born 20 February 1985. The three minor children were wholly dependent upon the deceased for support at the time of his death.
6. Other than Keith Reynolds, II, Ashley Marie Reynolds and Rachel Ann Reynolds, the decedent was not the father of any minor children.
7. The defendant has paid $2,000.00 in funeral expenses.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 3 April 1996, the deceased employee sustained an injury by accident arising out of and in the course of his employment with defendant-employer which proximately resulted in his death.
2. As a result of the death of decedent-employee, the dependents of the deceased employee are entitled to benefits pursuant to the provisions of N.C. Gen. Stat. § 97-38.
3. At the time of decedent's death, his minor children, Keith Reynolds, II, Ashley Marie Reynolds and Rachel Ann Reynolds were conclusively presumed to be dependent on the deceased employee. N.C. Gen. Stat. § 97-39.
4. Keith Reynolds, II, Ashley Marie Reynolds and Rachel Ann Reynolds are each entitled to one-third (1/3) of the weekly compensation payment of $282.25 per week for four hundred (400) weeks, beginning 3 April 1996. Thereafter, each child shall receive their same weekly benefit until they attain eighteen years of age.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay Keith Reynolds, II, either through duly appointed general guardian or to the Clerk of Superior Court of Cumberland County for the use and benefit of the minor child, his one-third (1/3) share of $282.25 per week for four hundred (400) weeks, beginning on 3 April 1996 and continuing thereafter until the child becomes eighteen years of age. That portion of this compensation which has accrued shall be paid in a lump sum, and is subject to the attorney's fee and fee for guardian adlitem approved herein.
2. Defendant shall pay Ashley Marie Reynolds, either through duly appointed general guardian or to the Clerk of Superior Court of Cumberland County for the use and benefit of the minor child, his one-third (1/3) share of $282.25 per week for four hundred (400) weeks, beginning on 3 April 1996 and continuing thereafter until the child becomes eighteen years of age. That portion of this compensation which has accrued shall be paid in a lump sum, and is subject to the attorney's fee and fee for guardian adlitem approved herein.
3. Defendant shall pay Rachel Ann Reynolds, either through duly appointed general guardian or to the Clerk of Superior Court of Cumberland County for the use and benefit of the minor child, his one-third (1/3) share of $282.25 per week for four hundred (400) weeks, beginning on 3 April 1996 and continuing thereafter until the child becomes eighteen years of age. That portion of this compensation which has accrued shall be paid in a lump sum, and is subject to the attorney's fee and fee for guardian adlitem approved herein.
4. A reasonable attorney's fee from the compensation awarded above is approved in the amount of $1,500.00 for James S. MacRae, Jr., counsel for plaintiffs. From the amount of compensation having accrued, this fee shall be deducted and paid directly to counsel for plaintiffs.
5. A fee in the amount of $300.00 is approved for David Hasty, guardian ad litem for plaintiffs. From the amount of compensation which accrued, this fee shall be deducted and paid directly to Mr. Hasty.
6. Defendants shall pay the costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ____________ RENEE RIGGSBEE COMMISSIONER